UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MERCY FLIGHT CENTRAL, INC., and EMS AIR
SERVICES OF NEW YORK, INC.,

                              Plaintiffs,          07-CV-6322 (CJS)

     -vs-

                                                DECISION AND ORDER

STATE OF NEW YORK DIVISION OF STATE POLICE,
ONONDAGA COUNTY SHERIFF'S DEPARTMENT,
CENTRAL NEW YORK REGIONAL EMERGENCY
MEDICAL SERVICES COUNCIL and TLC EMERGENCY
MEDICAL SERVICES, INC.,
                            Defendants.
_____

APPEARANCES

For Plaintiffs:                        Richard A. Dollinger, Esq.
                                    Underberg and Kessler LLP
                                    300 Bausch & Lomb Place
                                    Rochester, New York 14604

For Defendants State of New York
Division of State Police and Central
New York Regional Emergency
Medical Services Council:         Emil J. Bove, Jr., Esq.
                                    Office of the New York State Attorney General
                                    144 Exchange Blvd., Suite 200
                                    Rochester, New York 14614

For Defendant Onondaga
County Sheriff's Department:       Kathleen M. Dougherty, Esq.
                                    Onondaga County Department of Law
                                    421 Montgomery Street, Tenth Floor
                                    Syracuse, New York 13202

For Defendant TLC Emergency
Emergency Medical Services, Inc.:  Bradley M. Pinsky, Esq.
                                    Scicchitano & Pinsky, PLLC
                                    5789 Widewaters Parkway
                                    Syracuse, New York 13214

1

INTRODUCTION

In this action, plaintiffs Mercy Flight Central, Inc. ("Mercy Flight") and EMS Air Services of New York, Inc. ("EMSAS") (collectively "Plaintiffs"), providers of emergency medical air transportation services, allege that Defendants are violating federal law by providing competing services without proper certification.  Now before the Court are the following motions: 1) a motion [#10] by defendant TLC Emergency Medical Services, Inc. ("TLC"), for an order dismissing this action for improper venue, or, in the alternative, transferring venue to the United States District Court for the Northern District of New York, or, in the alternative, for an order dismissing the action for lack of subject-matter jurisdiction; 2) a motion [#11] by defendant New York State Police ("the State Police") for an order dismissing the action for lack of subject-matter jurisdiction or, in the alternative, for an order dismissing or transferring the action for improper venue; 3) a motion [#13] by defendant Onondaga County Sheriff's Department ("the Sheriff's Department") for an order dismissing the complaint for lack of subject-matter jurisdiction and for improper venue; 4) a motion [#18] by defendant Central New York Regional Emergency Medical Services Council ("the Council") for an order dismissing the action for lack of subject-matter jurisdiction, failure to state a claim and improper venue; and 5) a cross-motion [#27] by Plaintiffs for leave to amend the complaint.  For the reasons that follow, the claims against the State Police and the Council are dismissed, and this action is transferred to the United States District Court for the Northern District of New York.

BACKGROUND

Unless otherwise noted the following facts are taken from Plaintiffs' Complaint

2

[#1].  Plaintiffs are private not-for-profit corporations that, for a fee, jointly provide emergency medical helicopter transportation services to individuals throughout New York State.  More specifically,  Mercy Flight provides such transportation using helicopters that are owned and operated by EMSAS.

Defendants the State Police and the Sheriff's Department each also conduct emergency medical helicopter operations.  The State Police, which has offices throughout the State of New York, performs its medical helicopter operations in various areas of the state, including the Western and Northern Districts of New York.  In addition to employee crew members, State Police helicopters carry non-employee emergency medical providers and patients.  Patients who are transported by the State Police are not charged for the transportation.  However, Plaintiff alleges that patients are charged a fee for the emergency medical providers' services.

The Sheriff's Department, which has offices in Onondaga County, performs its medical helicopter transportation operations solely within the Northern District of New York.  In addition to employee crew members, the Sheriff's Department helicopters transport volunteer emergency medical providers and patients.  Patients who are transported by the Sheriff's helicopter are not charged for transportation.  However, as with the State Police, Plaintiff alleges that patients are charged a fee for the emergency medical providers' services.

Defendant the Council is a regional emergency medical services council organized under New York Public Health Law § 3003, with offices in Syracuse, New York.  (Affidavit of Warren Darby, ¶ 13). The Council operates in the Counties of Cayuga, Cortland, Onondaga, Oswego and Tompkins. *Id*.  In or about July 2004, the

3

Council organized a clearinghouse for requests for medical helicopter services. *Id*. at ¶ 15.  In that regard, the Council created a chart of medical helicopter transportation providers, including the State Police and Onondaga County Sheriff, and arranged to have Defendant TLC, a private ground ambulance service provider, with offices in the Northern District of New York, relay requests for medical helicopter transport to providers on the chart. *Id*. at ¶ ¶ 15-16.  TLC relays such requests for patients located within the counties of Onondaga, Cayuga, Cortland, Oswego, Tompkins, St. Lawrence, Lewis, Jefferson, Madison, Herkimer and Oneida. *Id*. at ¶ 19.  TLC does not operate in the Western District of New York or relay calls for patients in the Western District. *Id*. Neither the Council nor TLC is directly involved in the operation of aircraft.

Plaintiffs' helicopter transport operations are "civilian aircraft operations" within the meaning of the Federal Aviation Act, and EMSAS is therefore required to be certified to perform such activity pursuant to 49 U.S.C. § 41101(a).  In that regard, 49 U.S.C. § 41101(a)(1) provides that, "[e]xcept as provided in this chapter or another law– (1) an air carrier may provide air transportation only if the air carrier holds a certificate issued under this chapter authorizing the air transportation[.]" The term "air carrier" is defined as "a citizen[1] of the United States undertaking by any means, directly or indirectly, to provide air transportation." 49 U.S.C. § 40102(a)(2).  Further, the term "air transportation" is limited to "foreign air transportation, interstate air transportation, or the

---

[1]The term "citizen" is defined to mean "an individual who is a citizen of the United States," a "partnership each of whose partners is a citizen of the United States," or "a corporation or association organized under the laws of the United States or a State, the District of Columbia, or a territory or possession of the United States, of which the president and at least two-thirds of the board of directors and other managing officers are citizens of the United States, which is under the actual control of citizens of the United States, and in which at least 75 percent of the voting interest is owned or controlled by persons who are citizens of the United States." 49 U.S.C. § 40102(a)(15).

transportation of mail by aircraft." 49 U.S.C. § 40102(a)(5).  Moreover, the term "interstate air transportation" is defined, in relevant part, as "the transportation of passengers by aircraft as a common carrier *for compensation*." 49 U.S.C. § 40102(a)(25) (Emphasis added).

On the other hand, the parties agree that "public aircraft" are not required to be certified under 49 U.S.C. § 41101(a). *See, e.g.*, 41 C.F.R. § 102-33.165 ("A public aircraft is not subject to many Federal Aviation Regulations, including requirements relating to aircraft certification, maintenance, and pilot certification.").  A "public aircraft" is defined as "[a]n aircraft owned and operated by the government of a State, the District of Columbia, or a territory or possession of the United States or a political subdivision of one of these governments, except as provided in [49 U.S.C. § ] 40125(b)." 49 U.S.C. § 40102(a)(41)(C).   However, a government-owned and operated aircraft is not considered a "public aircraft" "when the aircraft is used for commercial purposes or to carry an individual other than a crewmember or a qualified non-crewmember." 49 U.S.C. § 40125(b).  The term "commercial purposes" "means the transportation of persons or property for compensation or hire." 49 U.S.C. § 40125(a)(1).  The term "qualified non-crewmember" means, in relevant part, "an individual, other than a member of the crew, aboard an aircraft . . . whose presence is required to perform, or is associated with the performance of, a governmental function," which means "an activity undertaken by a government, such as . . . firefighting [or] search and rescue." 49 U.S.C. § 40125(a)(2)-(3).

On June 26, 2007, Plaintiffs commenced the subject action and alleged two separate causes of action.  The first cause of action alleges that the State Police and

Sheriff's Department have violated "the Federal Aviation Act," presumably meaning 49 U.S.C. § 41101(a)(1).  As for damages, the cause of action seeks compensatory money damages and a permanent injunction.  The second cause of action alleges that the Council and TLC aided and abetted the alleged violations of the Federal Aviation Act by the State Police and Onondaga Sheriff, "by dispatching State Police helicopters or Sheriff's Department helicopters to emergency service locations."  The second cause of action also seeks money damages and a permanent injunction.

On September 20, 2007, TLC filed the subject motion [#10] for an order transferring venue to the United States District Court for the Northern District of New York, or, in the alternative, for an order dismissing the action for lack of subject-matter jurisdiction.  With regard to venue, TLC contends that the appropriate venue statute in this action is 49 U.S.C. § 46108, which states, in relevant part, that an action brought to enforce 49 U.S.C. § 41101(a)(1) "may be brought in the judicial district in which the defendant does business or the violation occurred."  TLC maintains that it neither does business in the Western District of New York nor committed any of the acts complained of in the Complaint in this district.  Instead, TLC states that venue on the claim would be proper only in the Northern District of New York.  TLC further alleges that the claim against it must be dismissed for lack of subject-matter jurisdiction, since it does not operate any aircraft, and since there is no statutory basis for Plaintiff's claim of aiding and abetting.

On September 24, 2007, the State Police filed the subject motion [#11] for an order dismissing the action for lack of subject-matter jurisdiction or, in the alternative, for an order dismissing or transferring the action for improper venue.  With regard to

6

venue, the State Police contend that venue is proper only in the Northern District of New York, since that is where all of the complained-of activities took place. (*See*, Declaration of Emil Bove, Jr. Esq. at ¶ 9) ("While the New York State Police does engage in government functions throughout the State of New York, it is clear that the claims in the Complaint in this Action arise out of its air medivac activities in the Northern District of New York.").  As for the motion to dismiss for lack of subject-matter jurisdiction, the State Police maintains that Plaintiff's claim for money damages is barred by the Eleventh Amendment to the United States Constitution.  The State Police further contends that Plaintiffs' claim against it must be dismissed since 49 U.S.C. § 41101(a)(1) does not pertain to intrastate flights or to flights by public aircraft.

On September 24, 2007, the Sheriff's Department filed the subject motion [#13] for an order dismissing the complaint for lack of subject-matter jurisdiction and for improper venue.  With regard to venue, the Sheriff's Department argues that venue in the Western District is improper under 49 U.S.C. § 46108, since the Sheriff's Department neither does business in the Western District nor committed any of the acts complained of in the Complaint in this district.  The Sheriff's Department further alleges that its flights are intrastate, non-commercial public flights, and that consequently there is no basis for a claim pursuant to 49 U.S.C. § 41101(a)(1).

On October 10, 2007, the Council filed the subject motion [#18] for an order dismissing the action for lack of subject-matter jurisdiction, failure to state a claim and improper venue.  With regard to venue, the Council states that venue of the action against it is proper only in the Northern District of New York, since that is where it does business and where the complained-of acts occurred.  The Council further states that

7

this Court lacks subject-matter jurisdiction, because claims against the Council for money damages are barred by the Eleventh Amendment, and because 49 U.S.C. § 41101(a)(1) does not pertain to the flights by the State Police or the Sheriff's Department.  The Council further alleges that the allegations concerning aiding and abetting fail to state a claim, since the claims against the State Police and Sheriff's Department fail as a matter of law.

On January 15, 2008, Plaintiffs filed the subject cross-motion [#27] for leave to amend the complaint.  In that regard, the proposed Amended Complaint seeks, *inter alia*, to add as a defendant, in place of the State Police, the acting Superintendent of the State Police, and to also add the Onondaga County Sheriff as a defendant while retaining the claim against the Sheriff's Department.  With regard to venue, the proposed amended complaint also contains new allegations concerning the State Police medical helicopter operations.  Specifically, the proposed amended pleading alleges that the State Police also operate medical helicopter flights from Batavia, New York, which is in the Western District of New York.  However, the proposed Amended Complaint contains no additional allegations concerning venue as to the claims against the other defendants.  The proposed Amended Complaint also purports to add a state-law claim against the Council and TLC for tortious interference with business relationships.  Finally, the proposed Amended Complaint drops the earlier claims for money damages against the State Police and Sheriff's Department, and replaces them with claims for injunctive relief against the Acting Superintendent of the New York State Police and Onondaga County Sheriff.

On August 28, 2008, counsel for the parties appeared before the undersigned for

oral argument of the motion.

DISCUSSION

At the outset, the Court will address the arguments of the State Police and the

Council concerning the Eleventh Amendment and subject-matter jurisdiction.  It is well

settled that,

> [a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

*Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir.2000) (citations omitted).  The law with

regard to Eleventh Amendment immunity is similarly clear:

> The Eleventh Amendment prohibits the "Judicial power of the United States" from extending to "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. This jurisdictional bar also immunizes a state entity that is an "arm of the State," *see Northern Ins. Co. of N.Y. v. Chatham County, Ga.*, 547 U.S. 189, 126 S.Ct. 1689, 1693, 164 L.Ed.2d 367 (2006), including, in appropriate circumstances, a state official acting in his or her official capacity, *see Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).
>
> ***
>
> State sovereign immunity is not absolute. Congress by statute may abrogate state immunity and subject the states to suit, provided that, first, its intention to do so is "unequivocally expressed" in the statutory language and, second, the legislation is enacted "pursuant to a valid grant of constitutional authority." *Tennessee v. Lane*, 541 U.S. 509, 517, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). A state also may waive its Eleventh Amendment immunity-for example, by voluntarily invoking federal jurisdiction, as when the state itself brings a federal suit or removes a case from state to federal court. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 618-20, 624, 122 S.Ct. 1640, 152 L.Ed.2d 806

(2002); *In re Charter Oak Assocs.*, 361 F.3d 760, 767-70 (2d Cir.2004). Moreover, under the venerable doctrine of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may sue a state official acting in his official capacity-notwithstanding the Eleventh Amendment-for "prospective injunctive relief" from violations of federal law. *See Edelman*, 415 U.S. at 677, 94 S.Ct. 1347; *Henrietta D. v. Bloomberg*, 331 F.3d 261, 287-88 (2d Cir.2003).

*In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).   Moreover,

[i]n determining whether an entity is an arm of a state, six factors are initially considered. *See Mancuso v. N.Y. State Thruway Auth.*, 86 F.3d 289, 293 (2d Cir.1996). . . .  They are: (1) how the entity is referred to in its documents of origin; (2) how the governing members of the entity are appointed; (3) how the entity is funded; (4) whether the entity's function is traditionally one of local or state government; (5) whether the state has a veto power over the entity's actions; and (6) whether the entity's financial obligations are binding upon the state. *Mancuso*, 86 F.3d at 293. If these factors point in one direction, the inquiry is complete. If not, a court must ask whether a suit against the entity in federal court would threaten the integrity of the state and expose its treasury to risk. *Id*. If the answer is still in doubt, a concern for the state fisc will control. *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48-49, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994) (*quoting Feeney [v. Porth Authority Trans-Hudson Corp.]*, 873 F.2d [628,] 631, with approval).

*McGinty v. New York*, 251 F.3d 84, 95-96 (2d Cir. 2001).  With regard to this analysis, "the governmental entity invoking the Eleventh Amendment bears the burden of demonstrating that it qualifies as an arm of the state entitled to share in its immunity." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 237 (2d Cir. 2006).

Here, the Court finds, and Plaintiffs do not seriously contest, that the claim against the New York State Police is barred by the Eleventh Amendment.  In that regard, Congress has not abrogated the agency's immunity, nor has the State Police waived its immunity.  Accordingly, the State Police's motion to dismiss, under Federal

Rule of Civil Procedure ("FRCP") 12(b)(1), is granted.

Additionally, the Court finds that the Council, created pursuant to New York State Public Health Law § 3003, is an "arm of the state" of New York, which is also entitled to Eleventh Amendment immunity.  Plaintiffs contend that the Council is not protected by the Eleventh Amendment, since it is more like a local school district than an arm of the state.  In that regard, Plaintiffs allege, for example, that the Council does not receive state funding. (Plaintiff's Memo of Law [#27-4] at 7) ("[T]he Councils are . . . not dependent on the state for revenue[.]").  However, it appears that the Council is funded by New York State taxpayers.  *See*, New York Public Health Law § 3002(8) (Explaining the budget process by which the State Council obtains state funding for, *inter alia*, "regional medical emergency services councils."); *see also, Id*. § 3003(10) (Stating that regional councils are funded by the State of New York).  Additionally, council members are appointed by state officials. New York Public Health Law § 3003(2).  Further, it appears that the Council's function is not one that is traditionally performed by local government. *See*, New York Public Health Law § 3003.  Having considered these factors, as well as the other factors set forth above, the Court is satisfied that the Council is "more like an arm of the State, such as a state agency, than like a municipal corporation or other political subdivision." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d at 236 (citation and internal quotation marks omitted).  Accordingly, the Council's motion to dismiss under FRCP 12(b)(1) is granted.

To the extent that the remaining defendants, the Sheriff's Department and TLC, have also moved to dismiss under FRCP 12(b)(1), their applications are denied.  In that

regard, these parties appear to use the terms "lack of subject-matter jurisdiction" and "failure to state a claim" interchangeably. (*See, e.g.*, Onondaga Sheriff's Memo of Law at 3, 5) (Referring to Federal Rule of Civil Procedure 12(b)(1) and an alleged lack of subject-matter jurisdiction, and later arguing that the Complaint "fails to state a cause of action.").  The two concepts are frequently confused. *See, Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511, 126 S.Ct. 1235, 1242 (2006) ("Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief-a merits-related determination.") (*quoting* 2 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.30[1], p. 12-36.1 (3d ed.2005)).  However, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character." *Id.*, 546 U.S. at 516, 126 S.Ct. at 1245. Here, defendants contend that the Court lacks subject-matter jurisdiction because they operate "public aircraft," which are not required to be certified under 49 U.S.C. § 41101(a).  However, Congress has not indicated that the Section 41101(a)(1)'s statutory limitations are jurisdictional.  Accordingly, the issue of whether Defendants are required to obtain certification goes to the merits of Plaintiffs' claim, and does not implicate the Court's subject-matter jurisdiction.

Accordingly, the Court will proceed to consider the Sheriff's Department's and TLC's motions to dismiss or transfer for improper venue, pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406.  FRCP 12(b)(3) provides for dismissal of claims due to "improper venue."  The burden is on the plaintiff to establish that venue is correct.  However,

where, as here, a court is asked to resolve a 12(b)(3) motion based upon pleadings and affidavits, "to avoid dismissal "the plaintiff need only make a prima facie showing of venue." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (citation and internal quotation marks omitted).  Moreover, a court "analyzing whether the plaintiff has made the requisite prima facie showing that venue is proper, [must] view all the facts in a light most favorable to plaintiff." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007) (citation omitted).  If the plaintiff cannot establish that the chosen venue is correct, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406.

When applying FRCP 12(b)(3) and 28 U.S.C. § 1406(a), "[t]he threshold inquiry . . . is for the Court to determine whether the case is indeed in the "wrong" district, as that phrase is used in the statute." *SST Global Tech., LLC v. Chapman,* 270 F.Supp.2d 444, 452 (S.D.N.Y. 2003).  In that regard, the Court agrees with Defendants that the appropriate venue statute for this action is 49 U.S.C. § 46108, which, as mentioned above, requires that an action brought to enforce 49 U.S.C. § 41101(a)(1) "be brought in the judicial district in which the defendant does business or the violation occurred." Sheriff's Department and TLC maintain, and Plaintiffs have not disputed, that they do business only in the Northern District, and that the alleged violations by them occurred in the Northern District.  Consequently, the Court finds that the Western District is not the proper venue for Plaintiffs' claims against the Sheriff's Department or TLC.[2]

---

[2]If the claims against the Council were not already dismissed, the Court would likewise find that venue against the Council is not proper in the Western District.

However, rather than dismissing the action, the Court finds that it is in the interests of justice to transfer this action to the Northern District of New York. Therefore, the claims against the Sheriff's Department and TLC are transferred to the United States District Court for the Northern District of New York. Moreover, because venue in this Court is not proper as to the Sheriff's Department or TLC, the Court will not consider their motions to dismiss for failure to state a claim, and will instead leave resolution of those applications to the District Judge in the Northern District to whom the case will be reassigned.

Finally, the Court will address Plaintiffs' cross-motion to amend, which as discussed above, seeks to assert claims against the Superintendent of the New York State Police and the Onondaga County Sheriff in their official capacities, and also seeks to add state-law claims against the Council and TLC. As a result of the rulings above, the only claims remaining in this lawsuit are being transferred to the Northern District of New York. Thus, the Court finds that the motion to amend should be addressed by the District Judge in the Northern District to whom the case will be reassigned. In that regard, the Court notes, with regard to the dismissal of the claim against the State Police, that Plaintiffs seeks to cure the Eleventh Amendment bar to such claim by suing the State Police Superintendent in his official capacity for injunctive relief. Moreover, it appears that venue for such a claim would be appropriate in either the Western District or the Northern District. However, rather than address the cross-motion piecemeal, the Court believes that it would be more appropriate for the Northern District Court to address the cross-motion to amend in its entirety. Moreover, the Court observes that, even if it were to grant Plaintiff's motion with regard to the State Police

14

Superintendent, it would transfer that claim to the Northern District along with the other claims being transferred, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and in the interests of justice and judicial economy, even though venue of such a claim would be proper in either district.

CONCLUSION

For the reasons discussed above, the motions to dismiss by the State Police [#11] and the Council [#18] are granted, the applications by Onondaga County Sheriff's Department [#13] and TLC [#10] are granted only to the extent that they seek transfer of venue, and this action is transferred to the United States District Court for the Northern District of New York.

SO ORDERED.

Dated:          September 12, 2008
               Rochester, New York

                                        ENTER:


                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge